# United States District Court

__NORTHERN__ DISTRICT OF __TEXAS__

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 3 1 2012
CLERK, U.S. DISTRICT COURT
by _____ A
   Deputy

UNITED STATES OF AMERICA

V.

JOSEPH MEGWA

**CRIMINAL COMPLAINT**

CASE NUMBER: 3-12-MJ-3860-BF

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __October 2, 2009 through July 1, 2011__ in Dallas County, in the Northern District of Texas defendant(s) did,

> knowingly and willfully conceal material facts by scheme, and made materially false, fictitious, and fraudulent statements and representations, in claims submissions for services purportedly rendered for health care services, in connection with the delivery of and payment for health care benefits,

in violation of Title __18__ United States Code, Section(s) __1035__.

I further state that I am a(n) Special Agent of the U.S. Department of Health and Human Services (HHS) and that this complaint is based on the following facts:

See attached Affidavit of Special Agent Matthew Kirk, HHS, which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   XX Yes   ☐ No

_____
Signature of Complainant
MATTHEW KIRK
Special Agent, USSS

Sworn to before me and subscribed in my presence, on this 31st day of August 2012, at Dallas, Texas.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## I.     Affiant's Background and Qualifications

1.     I, Matthew Kirk, hereinafter referred to as the Affiant, am a Special Agent employed by the United States Department of Health and Human Services (HHS), Office of Inspector General (OIG). I have been so employed since December 2010. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for federal felony offenses.

2.     As part of my duties I am authorized to conduct investigations, audits and inspections in connection with the administration and enforcement of laws, regulations, orders, contracts and programs in which the HHS is, or may be, a party of interest, and perform other duties on behalf of the Secretary of the Department of Health and Human Services. My chief responsibility is the investigation of fraud involving Federal Health Care Programs. As a Special Agent with the HHS-OIG, I have received basic criminal investigator training as well as specialized training in the investigation of fraud and financial crime. Previously, I worked as a Special Agent for the Department of State, Diplomatic Security Service ("DSS") from October 2001 until October 2010. My duties at DSS included conducting criminal investigations involving the use of counterfeit passports, visas and other fraudulent identity documents and the investigation of Department of State employees engaged in malfeasance. During my approximately 10 years as a Special Agent, I have participated in more than 100 criminal investigations.

1

3. I have knowledge of the facts set forth in this Affidavit as a result of my participation in the investigation, as well as information provided to me by other law enforcement agents. Since this Affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known to me concerning this investigation.

## II.   The Medicare Program

4. The Centers for Medicare and Medicaid Services (CMS), is a federal agency within HHS that administers the national health care program, Medicare, and also administers the Medicaid program in partnership with the states. The Medicare program was designed to provide medical services, equipment, and supplies to elderly, blind, and disabled beneficiaries pursuant to the Social Security Act (Title 42, United States Code, Section 301 et seq.). Medicare has three parts: hospital insurance (Part A), medical insurance (Part B), and prescription drug benefits (Part D). Medicare Part B helps pay the cost of physician services, medical equipment and supplies, and other health services and supplies not paid by Part A. Medicare claims for Part B are processed and paid by private insurance organizations known as carriers who contract with CMS to administer their specific part of the Medicare program.

## III.   Medical Coding

5. The American Medical Association assigns and publishes numeric codes, known as the Current Procedural Terminology (CPT) and Health Care Procedure Common Coding System (HCPCS) codes. The codes are a systematic listing, or universal language, used to describe the procedures and services performed by health care providers. The procedures and services

represented by the codes are health care benefits, items, and services within the meaning of 18 U.S.C. § 24(b). They include codes for office visits, diagnostic testing and evaluation, and other services. Health care providers use CPT and HCPCS codes to describe the services rendered in their claims for reimbursement to health care benefits programs. Health care benefits programs, including Medicare, use these codes to understand and evaluate the services providers bill for, to decide whether to issue or deny payment. Each health care benefit program establishes a fee or reimbursement level for each service described by a CPT or HCPCS code.

6. Health care providers often claim reimbursement from insurance carriers on forms known as CMS Form 1500. On the form, the provider identifies itself by Provider Identification Number (PIN) or Tax Identification Number (TIN), identifies the beneficiary who received the services, describes the illness or injury that makes the services medically necessary, and identifies the services provided by CPT and HCPCS codes. In response to each claim, the insurance carrier issues a payment or denial.

### IV. General Scheme and Background Information

7. This investigation was opened as a result of information concerning aberrant billings by Joseph Megwa, MD (MEGWA). MEGWA is certified as a Medicare provider and has been issued a provider identification number (PIN) of 8F2689, which became effective in 2005.

8. The Medicare Claims Processing Manual is issued by CMS, is publicly available, and offers day-to-day operating instructions, policies, and procedures based on statutes and regulations, guidelines, models, and

3

directives for Medicare Part B. This manual has a section for services rendered by physicians in the home setting, known as "Home services codes" (designated as CPT codes 99341-99350). When those codes are billed, the physician is required to be physically present in the patient's home. Specifically, the Medicare Claims Processing Manual states the following:

**Requirement for Physician Presence**

Home services codes 99341-99350 are paid when they are billed to report evaluation and management services provided in a private residence. A home visit cannot be billed by a physician unless the physician was actually present in the beneficiary's home.

9. During an interview with investigators in November 2011, MEGWA admitted that he knew in early 2009 that he was required to be present in a patient's home in order to seek reimbursement based on a home service code.

10. As indicated above, the Medicare Claims Processing Manual clearly states and MEGWA admitted that he knew that a home visit using the billing codes set forth above cannot be billed by a physician unless the physician was actually present in the beneficiary's home.

11. During the course of the investigation, evidence was obtained indicating that even after early 2009, MEGWA repeatedly billed for services under codes 99344, 99345, 99349 and 99350 – all codes requiring his presence in the patient's home – while he was out of the country and could not possibly have performed those services.

4

12. This evidence is based on international travel and border crossing information obtained from Immigration and Customs Enforcement (ICE), grand jury subpoena returns, and my review of MEGWA's Medicare claim submissions.

### V. Facts Supporting Allegations

13. My review of MEGWA's travel activity indicates that MEGWA traveled outside the United States regularly between October 2009 and July 2011. My review of his Medicare claim submissions during that time period indicates that on at least 11 days while MEGWA was outside of the United States, he billed Medicare for at least 132 services under codes 99344, 99345, 99349 and 99350, which as noted above, required MEGWA to render those services in the home of the patient.

14. MEGWA's travel activity shows that he was out of the country between October 2nd and October 8th, 2009. But he submitted claims to Medicare for the following services on the following days:

   a. October 2nd – 1 claim under HCPCS Code 99344, 1 claim under HCPCS code 99345, 6 claims under HCPCS Code 99349, and 9 claims under HCPCS Code 99350
   b. October 4th – 1 claim under HCPCS Code 99350
   c. October 5th – 8 claims under HCPCS Code 99349, and 10 claims under HCPCS Code 99350
   d. October 6th – 1 claim under HCPCS Code 99345, 13 claims under HCPCS Code 99349, and 15 claims under HCPCS Code 99350

5

e. October 7th – 6 claims under HCPCS Code 99349 and 9 claims under HCPCS Code 99350

f. October 8th – 13 claims under HCPCS Code 99349 and 14 claims under HCPCS Code 99350

g. October 9th – 10 claims under HCPCS Code 99349 and 9 claims under HCPCS Code 99350

15. MEGWA's travel activity also shows he was out of the country between December 5th and December 7th, 2009, June 13th and June 19th, 2010, and July 1st and July 4th, 2011. But he submitted claims to Medicare for the following services on the following days:

a. December 5th, 2009 – 2 claims under HCPCS Code 99350
b. June 13th, 2010 – 1 claim under HCPCS Code 99350
c. June 15th, 2010 – 2 claims under HCPCS Code 99350
d. July 1st, 2011 – 1 claim under HCPCS Code 99345

16. The total amount submitted to Medicare for these 132 claims was $19,356.16 and Medicare paid MEGWA $13,665.88 on them.

17. Therefore, based upon your affiant's training and experience and the facts presented herein, your Affiant respectfully submits there is probable cause to believe, that on or about the dates enumerated above, in the Dallas Division of the Northern District of Texas, and elsewhere,

JOSEPH MEGWA

did knowingly and willfully conceal material facts by scheme, and made materially false, fictitious, and fraudulent statements and representations, in

6

claims submissions for services purportedly rendered to Medicare beneficiaries, in connection with the delivery of and payment for health care benefits under Medicare, to wit, that those services were rendered by him in a beneficiary's home when he was in fact not present in the United States, in violation of Title 18, United States Code, Section 1035.

18. As such, your Affiant respectfully requests that an arrest warrant be issued for JOSEPH MEGWA.

_____
Matthew Kirk
Special Agent
U. S. Department of Health and Human Services
Office of Inspector General

Sworn to and subscribed to before me this 31st day of August, 2012.

_____
RENEE HARRIS TOLIVER
United States Magistrate Judge
Northern District of Texas